UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

United States of America,

                    Plaintiff                    07-MC-334

     -against-                                   MEMORANDUM
                                                 OPINION
                                                 AND ORDER
Ben Asero a/k/a Baldassaro Asero,
Officer of JBJ Foods, LTD.

                    Defendant.

-------------------------------------X
SIFTON, Senior Judge.

     The United States of America ("plaintiff") commenced this

action against Ben Asero a/k/a Baldassaro Asero, Officer of JBJ

Foods, Ltd. ("defendant") on August 6, 2007, seeking to enforce a

summons by the Internal Revenue Service for documentation

pertaining to tax payments by JBJ Foods, Ltd. Now before the

Court is plaintiff's motion for an order of civil contempt for

failing to comply with the Order of this Court dated October 10,

2007, commanding defendant to produce certain tax documents. Upon

the findings of fact and conclusions of law stated below,

plaintiff's motion is granted, and defendant is adjudged to be in

civil contempt.

## BACKGROUND

     The following facts are taken from the plaintiff's

submissions in connection with this motion. Defendant has not

submitted any response.

     This matter arises out of an Internal Revenue Service

("IRS") investigation for the purpose of determining defendant's tax liability for the following tax years: 1997, 1998, 2001, 2002, 2003, 2004, and 2005. As part of this investigation, the IRS issued a Summons directing defendant to appear before an IRS Revenue Officer on June 15, 2006, to testify and produce for examination the books, records, and other papers concerning the tax years at issue. Declaration of IRS Revenue Officer Glenn Silverstein dated October 6, 2008, at ¶¶ 2-3.

After defendant failed to appear in response to the IRS Summons or otherwise comply with it, plaintiff commenced this miscellaneous proceeding to judicially enforce the Summons. By Order to Show Cause dated August 9, 2007, I ordered defendant to appear on October 9, 2007, and show cause why he should not be compelled to give testimony and produce the books, records, and other papers demanded in the IRS Summons. Defendant failed to appear. I subsequently issued an Order on October 10, 2007 compelling defendant to appear before an IRS revenue officer and provide him with the relevant documents by December 10, 2007, or face civil or criminal contempt sanctions. Following this order, defendant retained an attorney to represent him in connection with this matter. *See* Declaration of Scott R. Landau dated October 29, 2008 at ¶ 2 ("Landau Decl."). Plaintiff contacted defendant's counsel on July 15, 2008 and on July 31, 2008, requesting production of the relevant documents, and warning

defendant that plaintiff would initiate contempt proceedings if the documents were not produced. *Id*. at ¶¶ 3-4. The letters made reference to repeated assurances by defendant's counsel to plaintiff that the requested documents would be immediately forthcoming. Landau Decl. Ex. 2, 3. By letter dated August 14, 2008, defendant's counsel provided plaintiff with copies of tax returns for 2001 and 2002. *Id*. at ¶ 5. On August 20, 2008, plaintiff requested that defendant produce the returns that remained outstanding by September 4, 2008. *Id*. at ¶ 6. Defendant failed to produce the returns. *Id*. at ¶ 7.

Oral argument on this motion was scheduled for November 25, 2008, but was adjourned at the request of the defendant to January 27, 2009. On January 21, 2009, defendant requested an additional adjournment, writing that, following the death of his wife, he had received an inheritance that would permit him to pay his accountant to complete the outstanding tax forms. The defendant requested an extension in order to submit the forms, which was granted. Thereafter, the defendant provided to plaintiff returns for 2003 and 2004, but not 2005. Defendant stated at the adjourned date of the motion on March 4, 2009, that defendant would produce the 2005 return in two weeks. Defendant's attorney stated for the first time, but did not submit affidavits or other evidence, that defendant's company did not exist prior to 2000, and therefore it was not possible to provide the

company's tax returns for 1997 and 1998. Plaintiff noted that it had not been previously advised of this information, and that it needed to contact the IRS revenue officer to determine the truth of defendant's attorney's statements.

Plaintiff requests an order adjudging defendant to be in civil contempt and ordering him to pay a fine to the Clerk of the Court of $100.00 per day, beginning on a date to be set by the Court, and continuing until defendant purges the contempt through compliance with the October 10, 2007 Order.

## DISCUSSION

### I. Civil Contempt

Courts have "inherent power to enforce compliance with their lawful orders" through contempt proceedings. *Shillitanti v. United States*, 384 U.S. 364, 369-70 (1966). Contempt sanctions are applicable in IRS summons enforcement proceedings. *See* 26 U.S.C. § 7604(b).[1]  A finding of contempt is proper if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedic Electromedicina Comercial, LTDA v. GE Medical Systems Information Technologies,*

---

[1]Congress has specifically authorized federal courts conducting IRS summons enforcement proceedings "to make such orders as [the courts]... shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the [IRS] summons and to punish such person for his default or disobedience." 26 U.S.C. § 7604(b).

*Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). It need not be established that the violation was willful to hold a party in civil contempt. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

A finding of contempt is proper in this case. The Order was clear and unambiguous: it directed defendant to appear to before an IRS revenue officer and provide the documents sought by December 10, 2007. It is clear that defendant was aware of the order and what it required, because his attorney was in contact with the Assistant United States Attorney several times during the summer of 2008 regarding the production of the documents, and did in fact produce some of the required returns.

Proof of noncompliance is clear and convincing. When defendant appeared in Court for argument on this motion, he admitted that his 2005 return remained outstanding, and that he had failed to either provide the 1997 and 1998 returns or to notify plaintiff as to why they could not be produced. Furthermore, defendant wrote a letter to the Court stating that, due to a recent inheritance, he had the capacity to pay an accountant to obtain the required documents. After sending that letter, defendant did not contact with the Court in an attempt to make alternative arrangements or to advise the Court of a change in circumstances.

Defendant has not diligently attempted to comply with my Order to produce documents, issued more than one year ago. Defendant failed to respond to the Order to Show Cause, failed to produce documents to the IRS as ordered, and failed to appear before the IRS revenue officer as ordered. Plaintiff permitted defendant numerous extensions of time, to which defendant responded with piecemeal disclosure of the required documents. Defendant communicated with plaintiff on numerous occasions, stating that his returns would soon be produced, but they were not. After repeated delays, defendant provided the returns for 2001 and 2002. After additional delays, defendant provided the returns for 2003 and 2004. Despite numerous extensions, and without advising the Court of his status, defendant has failed to respond to the demand for documents pertaining to 1997, 1998, and 2005. Defendant's late claim that his company did not exist prior to 2000 shows a striking disregard for the seriousness of these proceedings.

Accordingly, I hold defendant Ben Asero in civil contempt for failure to comply with my October 10, 2007 order to produce documents and testimony to the IRS.


**II. Sanctions**

Courts may impose civil contempt sanctions in order to achieve such compliance, and/or to compensate a party for losses

or damages sustained by reason of the contemnor's noncompliance. *See Maggio v. Zeitz*, 333 U.S. 56, 67-68 (1948); *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1139, 1351-52 (2d Cir. 1989). Sanctions that may be imposed for civil contempt include fines that cease to accrue when the noncomplying party purges himself of the contempt. *See Penfield Co. v. SEC*, 330 U.S. 585, 590 (1947). Sanctions should be calculated either "to coerce future compliance with the Court's order, or to compensate the complainant for losses stemming from the contemnor's past noncompliance." *A.V. By Versace, Inc. v. Gianni Versace, S.P.A.*, 279 F. Supp. 2d 341, 354 (S.D.N.Y. 2003) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947)). "To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004).

"In deciding whether to impose a coercive remedy, the district court must consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *EEOC v. Local 638*, 81 F.3d 1162, 1117 (2d Cir. 1996) (internal quotation marks omitted). The most important consideration is

whether the sanction is reasonable in relation to the facts surrounding the contempt. *New York State NOW*, 886 F.2d 1339, 1353 (2d Cir. 1989); *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979) (noting that courts have wide discretion in fashioning coercive contempt sanctions).

Defendant's continued failure to provide the documents requested by the IRS makes it impossible for the IRS to resolve his tax status. The sanction of civil contempt and the imposition of a fine are reasonable in relation to the character and magnitude of defendant's continued disregard for the IRS Summons and this Court's October 10, 2007 Order. Given the numerous delays in the production of documents, it is reasonable to conclude that, without the threat of coercive sanctions, defendant will again fail to comply with his obligations. A fine of $100.00 per day is severe enough to encourage the defendant to quickly comply with the order, but is not so severe as to financially harm the defendant. Defendant has offered no evidence that he is unable to pay such a fine. A fine of $100.00 per day until defendant purges the contempt is appropriate under the circumstances.

## CONCLUSION

For the reasons stated above, defendant is adjudged to be in civil contempt, and shall pay a fine of $100.00 per day until he purges the contempt, as further described in the accompanying

Order. The Clerk is directed to transmit a copy of the within to

all parties and the assigned Magistrate Judge.

SO ORDERED.


Dated:    Brooklyn, New York
          March 5, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge